**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL LOPEZ, | No. 10-15995 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02104-RCF |
| v. | |
| R. DION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Raymond C. FISHER, Circuit Judge, Presiding

Submitted March 8, 2011[**]

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

California state prisoner Rafael Lopez appeals pro se from the district court's

summary judgment dismissing his 42 U.S.C. § 1983 action alleging that prison

officials deprived him of his personal property in violation of his due process

rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's grant of summary judgment, *Midwater Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1002 (9th Cir. 2004), and we affirm.

In his complaint, Lopez alleges that defendants violated his due process rights when they ceased storing his property after he was reclassified. Lopez contends that defendants were not authorized to donate his property without a hearing and that prison regulations required that his property be stored until his return to the general population.

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) ( "[N]egligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). We have specifically held that the California Tort Claims Act, Cal. Gov't Code § 810 et seq., provides an adequate postdeprivation remedy for loss of property. *See Barnett*, 31 F.3d at 816-17. Therefore, because Lopez had an adequate state law tort remedy for the taking of his electronic property, he did not allege a cognizable due process claim and his complaint was properly dismissed.

**AFFIRMED.**